IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DAVID L. LILLER,

           Plaintiff,

                                      Civ. Action No.
                                      6:05-CV-1008 (NAM/DEP)

   vs.

C&S WHOLESALE GROCERS, INC.,

           Defendant

_____

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

SCHWARTZ LAW FIRM           CHARLES R. SCHWARTZ, ESQ.
191 Guy Park Avenue            ROBERT YOUNG, ESQ.
Amsterdam, NY 12010

FOR DEFENDANT:

RAVEN, KOLBE LAW FIRM       GEORGE S. KOLBE, ESQ.
110 East 59th Street
29th Floor
New York, NY 10022

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

DECISION AND ORDER

    Presently pending before the court in connection with this action is

an application by the plaintiff for various sanctions including, *inter alia,* an

order striking defendant's answer and entering its default, based upon its

failure to comply with this court's text order entered on August 9, 2007, compelling the service by defendant of responses to plaintiff's interrogatories and document discovery requests, which were served on or about June 5, 2007, not later than August 31, 2007. While acknowledging its failure to comply with the court's order, defendant opposes the motion, asserting that less severe sanctions should suffice to punish the defendant for its failure and to deter similar conduct in the future, pointing out that the delinquent responses have now been served.

Oral argument was conducted regarding plaintiff's motion on October 24, 2007. During that argument, I noted my displeasure at defendant's failure to provide timely responses as required by the court's order, and additionally expressed reservation both regarding the propriety of certain of plaintiff's demands and the sufficiency of some of the defendant's responses. I made it clear to the parties, however, that while the court would entertain additional motion practice regarding the propriety of defendant's answers, if necessary, their counsel should first enter into good faith discussions in an effort to resolve or, at a minimum narrow, their differences.

At the conclusion of oral argument, I rendered a verbal decision denying plaintiff's motion as moot, based upon the submission of defendant's responses, but awarding plaintiff reasonable costs and

2

attorneys' fees necessitated in bringing the instant motion.  Based upon the foregoing and the court's bench decision of October 24, 2007, which decision is incorporated herein by reference, it is hereby

ORDERED as follows:

1) Plaintiff's motion for an order granting various sanctions as a result of defendant's failure to comply with this court's text order of August 9, 2007 (Dkt. No. 24) is DENIED, as moot, without prejudice to plaintiff's right to move, after first making good faith efforts to communicate with defendant's counsel and resolve or narrow any outstanding issues, to seek an order compelling more complete responses to the plaintiff's discovery demands in issue.

2) Pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, plaintiff is awarded reasonable expenses, including attorneys' fees, caused by defendant's failure to comply with this court's text order.

3) On or before November 7, 2007 plaintiff shall file with the court, with proof of service upon defendant's counsel, an itemization of all costs and attorneys' fees sought, in a proper form consistent with the requirements in this Circuit germane to such applications.

4) On or before November 21, 2007 defendant may file with the court, with proof of service upon plaintiff's counsel, any objections which it may have regarding the amounts sought by plaintiff's counsel.

     5)    Any further failures on the part of the defendant to comply with the requirements of the Federal Rules of Civil Procedure pertaining to pretrial discovery, or with a court order regarding discovery, <u>will</u> result in the imposition of increasingly severe sanctions which may, <u>and in all likelihood will</u>, include though not necessarily be limited to a recommendation to Chief Judge Norman A. Mordue that defendant's answer in this action be stricken, and its default answered.

     6)    The clerk is directed to serve a copy of this order to the parties in this action in accordance with this court's local rules.

Dated:    October 25, 2007
             Syracuse, NY

*/s/ David E. Peebles*
David E. Peebles
U.S. Magistrate Judge